IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JULIAN BARRAZA, | No. CIV S-09-1050-CMK |
| Plaintiff, | |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). On May 6, 2010, the court issued an order to show cause in writing, within 14 days of the date of that order, why this action should not be dismissed for failure to file a dispositive motion. In that order, the court stated:

> Pursuant to the court's scheduling order, plaintiff was required to prosecute this action by either seeking voluntary remand or filing a dispositive motion within 45 days from the date of service of the administrative record by defendant. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.
> A review of the docket reflects that the answer and certified administrative record were served on August 28, 2009. Plaintiff

1

>obtained four stipulations, which were approved by the court, extending the time in which he was to file his dispositive motion up to an including April 12, 2010. In approving the third extension, the court cautioned Plaintiff that further extensions were discouraged. In approving the fourth extension, the court warned Plaintiff no further extensions of time would be permitted. To date, plaintiff has not filed a dispositive motion.
>
>Plaintiff shall show cause in writing, within 14 days of the date of this order, why this action should not be dismissed for failure to file a dispositive motion. Plaintiff is again warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See id.

To date, no response to the order to show cause has been received by the court.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, Plaintiff received several extensions of time in which to file his motion for summary judgment. He was cautioned that failure to comply with the court's orders requiring his motion be filed within a specific time could result in the dismissal of his case. When the dispositive motion was not filed within the time specified, the court provided a further opportunity to do so, to no avail. Plaintiff failed to heed all of the court's warnings and opportunities. The delay in prosecution of this matter is unacceptable. The court therefore finds dismissal of this action to be appropriate.

Accordingly, IT IS HEREBY ORDERED that:

    1.    This action is dismissed, without prejudice, for Plaintiff's failure to prosecute; and

    2.    The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

DATED: June 1, 2010

*[signature]*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE